```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BANK OF AMERICA, N.A.,                                          REPORT AND
                            Plaintiff,                          RECOMMENDATION
            - against -
DEXTER SALES INC., et al.,                                      19-CV-0110 (ENV) (JO)
                            Defendants.
-----------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

      Plaintiff Bank of America, N.A., (the "Bank") has sued defendants Dexter Sales, Inc. ("DSI"), Beth Garbow ("Garbow"), and Alan M. Samdperil ("Samdperil") to enforce its contractual rights under the parties' several agreements. *See* Docket Entry ("DE") 1 (Complaint). The Bank now seeks summary judgment. *See* DE 20; Fed. R. Civ. P. 56. Upon a referral from the Honorable Eric N. Vitaliano, United States District Judge, and for the reasons set forth below, I make this report and respectfully recommend that the court grant the motion for summary judgment as to the Bank's breach of contract and foreclosure claims (the first, second, sixth, and seventh causes of action); deny the motion as to the remaining claims for replevin, conversion, and unjust enrichment; and dismiss the latter claims as duplicative.

I.    <u>Background</u>

      The following summary derives from the Bank's statement of undisputed facts, which provided the required record citations for each of its factual assertions. *See* DE 20-5 ("Bank Stmt."); Loc. Civ. R. 56.1. Although the defendants filed a counter-statement that purported to controvert some of the Bank's assertions, it did not cite any evidence to refute the Banks assertions but instead relied on legal arguments and conclusory statements to challenge the Bank's characterization of several records. *See* DE 20-8; Loc. Civ. R. 56.1(d). The defendants' position rests primarily on evidentiary objections to the affidavit of Bank Vice President Abigail M. Bees ("Bees"). *See* DE 20-5 (Bees Aff.). As explained in part II.B of the discussion below, I conclude that the defendants'

hearsay objection lacks merit. As a result, the court should ignore the unsubstantiated assertions in the defendants' counter-statement and deem the assertions in the Bank's statement to be admitted. *See* Loc. Civ. R. 56.1(c)-(d); *Feis v. United States*, 394 F. App'x 797, 799-800 (2d Cir. 2010); *LG Capital Funding, LLC v. Positive ID Corp.*, 2019 WL 3437973, at *2 (E.D.N.Y. July 29, 2019).

On April 26, 2016, the parties agreed that the Bank would extend to DSI a line of credit up to $550,000.00 until July 20, 2018, at which time DSI would repay all of the principal, interest, and other charges due. As collateral, the defendants also entered into a Security Agreement that gave the Bank a first priority blanket security interest in all of DSI's assets, and personal guaranty agreements by Garbow and Samdperil (DSI's President and Office Manager, respectively). *See* Bank Stmt. ¶¶ 1-6; DE 1-4 (the "Loan Agreement"); DE 1-5 (the "Security Agreement"); DE 1-6 at 2-11 (the "Garbow Guaranty"); *id.* at 12-21 (the "Samdperil Guaranty"). The Loan Agreement provides that if DSI or any guarantor defaults, the Bank is entitled to terminate the Loan Agreement, declare all outstanding sums immediately due and payable and charge interest at the default annual rate of six percent above the then-current rate. *See* Bank Stmt. ¶ 2.

The Bank, DSI, and Garbow executed an amendment of the Loan Agreement that altered the interest rate on September 20, 2016. On January 24, 2018, all of the parties executed a Loan Modification Agreement that extended the Loan Agreement's period to July 20, 2018, modified the interest rate, and altered the repayment terms. *See* Bank Stmt. ¶¶ 7-8; DE 1-7 (2016 amendment); DE 1-8 (loan modification agreement).

The Bank is the owner and holder of the Loan Agreement, the Security Agreement, and each Guaranty. By notice dated June 11, 2018, the Bank reminded the defendants that the Loan Agreement would reach its maturity on July 20, 2018. The defendants nevertheless failed to make the required payments. On July 23, 2018, the Bank sent notices advising the defendants that the

2

Loan Agreement had matured and demanding payment in full of the entire indebtedness. On August 3, 2018, the Bank again sent the defendants notices demanding full payment by August 13, 2018, or, if no such payment was made, demanding that the defendants provide the Bank all pertinent collateral assets by noon on August 14, 2019. On November 19, 2018, the Bank sent the defendants similar notices demanding payment by November 29, 2018, or the delivery of all collateral assets the next day. The defendants have neither paid the Bank the amount owed nor turned over the collateral assets. *See* Bank Stmt. ¶¶ 9-17; DE 1-9 (June 2018 reminder); DE 1-10 (July 2018 notice); DE 1-11 (August 2018 notice); DE 1-12 (November 2018 notice).

The Bank filed the instant action on January 7, 2019. Its Complaint alleges seven claims: breach of the Loan Agreement, foreclosure under the Security Agreement, replevin, conversion, unjust enrichment, and breach of each Guaranty Agreement. *See* Complaint ¶¶ 23-63. The parties agreed that they needed no discovery beyond the initial disclosures and that the case was ripe for summary disposition. *See* DE 15 (minute entry); Fed. R. Civ. P. 26(a)(1)(A). On August 9, 2019, with the court's permission, *see* Order dated May 20, 2019, the parties filed the fully briefed motion for summary judgment. *See* DE 20 (notice of motion); DE 20-1 (supporting affirmation of Bank's counsel) ("Samuels Aff."); DE 20-4 (supporting affidavit of Bank Vice President ("Bees Aff."); DE 20-6 (Bank's supporting memorandum) ("Memo."); DE 20-7 (defendants' memorandum in opposition) ("Opp."); DE 20-9 (Bank's reply memorandum) ("Reply"). The court referred the motion to me by Order dated August 12, 2019.

II.   Discussion

    A.   Summary Judgment

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

3

material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). In determining whether to grant summary judgment, a court is confined to issue-finding, not issue resolution. *Rasmussen v. Sigma Corp. of Am.*, 27 F. Supp. 2d 388, 391 (E.D.N.Y. 1998) (citations omitted). The court does not "weigh the evidence and resolve ... factual issues" but rather "determine[s] as a threshold matter whether there are genuine unresolved issues of material fact to be tried." *Owens v. New York City Hous. Auth.*, 934 F.2d 405, 408 (2d Cir. 1991) (quoting *Gibson v. Am. Broadcasting Cos.*, 892 F.2d 1128, 1132 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 56(c). A fact is material if it "'might affect the outcome of the suit under the governing law.'" *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue is presented if "'the evidence is such that a reasonable jury could return a verdict for the non[-]moving party.'" *Id.* "[A]ll reasonable inferences are drawn in favor of the non-movant[.]" *Wellesley v. Debevoise & Plimpton LLP*, 346 F. App'x 662, 662 (2d Cir. 2009). A party opposing summary judgment may not rely solely on allegations in the complaint to establish a genuine issue of material fact. Fed. R. Civ. P. 56(e); *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988). The non-moving party must explicitly state the specific material facts as to which it contends there is or is not a genuine issue to be tried and must support each such specification by citing to admissible evidence in the record. Loc. Civ. R. 56.1.

    B.    <u>Evidentiary Issues</u>

The defendants challenge as inadmissible hearsay the Bank's reliance on Bees' affidavit, in which she relies on her familiarity with the Bank's record-keeping procedures to authenticate documents and provide a history of the parties' agreements. In short, the defendants argue that because Bees acknowledges that her involvement with the Loan Agreement began in 2018 and because she has not specifically attested to having located or examined the parties several

4

agreements, her description of events predating 2018 and her assertion that the Bank owns and holds the agreements are conclusory and therefore inadmissible. *See* Opp. at 4-5; Bees. Aff. ¶ 11. The defendants similarly contend that documents Bees describes as business records (and therefore not inadmissible hearsay) do not qualify as such if they do not bear her signature because she does not allege either that they were kept in the ordinary course of the Bank's regularly conducted business activity or that it was the Bank's regular practice to make those records. *See* Opp. at 6; Fed. R. Evid. 803(6).

      I respectfully disagree. Bees avers that she has "personal knowledge of the facts set forth" in her affidavit "except for matters stated on information and belief," which she believes to be "true and correct based upon a review of the business records maintained by [the Bank]." Bees Aff. ¶ 1. That suffices to make the records Bees sponsors admissible and her assertions cognizable on summary judgment. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). The test for the admissibility of an affidavit based on personal knowledge "is whether a reasonable trier of fact could believe the witness had personal knowledge." *Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 764 (2d Cir. 1991). The Bank is permitted to offer evidence based on knowledge that Bees gained from reviewing its business records in the course of her work. *See Merrill Lynch Bus. Fin. Servs. Inc. v. Heritage Packaging Corp.*, 2007 WL 2815741, at *4 (E.D.N.Y. Sept. 25, 2007) (allowing use of comparable affidavit). It is likewise entitled to rely on Bees' assertion that she knows the Bank to be the owner and holder of the various agreements even if she does not specify the source of her knowledge in that regard, and courts in this circuit routinely reject arguments to the contrary in similar circumstances. *See, e.g.*, *Madden v. Town of Hempstead*, 2019 WL 1439935, at *11-12 (E.D.N.Y.

5

Mar. 29, 2019); *Arneauld v. Pentair, Inc.*, 2012 WL 5932956, at *14 (E.D.N.Y. Nov. 26, 2012); *Bank of Am., N.A. v. Kamico, Inc.*, 2012 WL 1449185, at *5-6 (S.D.N.Y. Apr. 24, 2012) (citing *SCR Joint Venture v. Warshawsky*, 559 F.3d 133, 135 (2d Cir. 2009)). The defendants' critique of Bees' affidavit is more aptly directed to its weight than to its admissibility. As a result, the Bank may properly rely on Bees' assertions for purposes of the instant motion for summary judgment.

C.      Breach of Contract

In its first, sixth, and seventh causes of action, the Bank asserts that the defendants breached, respectively, the Loan Agreement, the Garbow Guaranty, and the Samdperil Guaranty. *See* Complaint ¶¶ 23-29, 50-63. To establish liability on each of those claims under New York law,[1] the Bank must prove the existence of a contract, its own performance, the breach, and resulting damages. *See, e.g., Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004).

If the court agrees that Bees' affidavit is admissible, the undisputed facts establish each element of each breach claim. In each case there is no dispute that the parties entered into the relevant agreement, that the Bank performed by providing the line of credit and sending the required notices, that the pertinent defendant in each claim breached by failing to make required payments, and that as a result the Bank has incurred damages including the unpaid principal amount of $398,744.65. *See* Bank Stmt. ¶¶ 1-2, 6, 11-17; Loan Agreement §§ 1.1-1.3; Garbow Guaranty §§ 1, 4; Samdperil Guaranty §§ 1, 4; DE 1-9 (June 2018 reminder); DE 1-10 (July 2018 notice); DE 1-11 (August 2018 notice); DE 1-12 (November 2018 notice). I therefore respectfully recommend that the court grant the Bank summary judgment on the first, sixth, and seventh causes of action.[2]

---

[1] The parties have specified that New York law governs all of the contracts pertinent to this case. *See* Loan Agreement § 8.2; Security Agreement § 7(d); Garbow Guaranty § 21; Samdperil Guaranty § 21.

[2] The pertinent Loan and Guaranty Agreements provide that in addition to the unpaid principal, upon establishing a breach the Bank is entitled to recover interest at an annual default interest rate

D.     Foreclosure

In the second cause of action, the Bank seeks to foreclose on its security interest in the defendants' collateral assets under the Security Agreement. *See* Complaint ¶¶ 30-33. Under New York law (which the parties have likewise agreed to apply, *see* Security Agreement § 7(d)), after a borrower defaults, a secured party 'may reduce a claim to judgment, foreclose, or otherwise enforce the claim [or] security interest ... by any available judicial procedure.'" N.Y. U.C.C. § 9-601(a)(1)). A secured party's rights "are cumulative and may be exercised simultaneously." *Id.* § 9-601(c). Further, "[a]fter default, a secured party [] [m]ay take possession of the collateral … pursuant to judicial process; or [] without judicial process, if it proceeds without breach of the peace …." *Id.* § 9-609(a)(1), (b)(1)-(2). Once in the secured party's possession, in compliance with § 9-610, the collateral may be disposed. *See id.* § 9-610(a).

Here again there is no genuine dispute of material fact. The undisputed facts establish each element of the claim: the Security Agreement gives the Bank a security interest in the collateral assets securing the Loan Agreement; the defendants have defaulted on their obligations under the Loan Agreement; and the Bank is accordingly entitled to foreclosure. *See* Bank Stmt. ¶¶ 3-4, 12, 16-17; Security Agreement §§ 1, 5, 6 (denoting security interest, listing assets, and specifying procedure in the event of default), Loan Agreement §§ 2, 5.9 (defining collateral and the Bank's security interest in same), DE 1-10 (July 2018 notice); DE 1-11 (August 2018 notice); DE 1-12 (November 2018

---

equal to the Bank's Prime Rate plus one percentage point and litigation costs (not including attorneys' fees). *See* Bank Stmt. ¶¶ 2, 6-9; DE 1-5 (January 2018 loan modification) §1.2; Garbow Guaranty § 19; Samdperil Guaranty §19. I respectfully recommend that if the court agrees with the foregoing recommendations, it should direct the parties to confer as to the amount of interest and costs to be awarded and refer the latter computations to me for a further report and recommendation should the parties be unable to reach agreement within thirty days of the court's order.

notice). I therefore respectfully recommend that the court grant summary judgment and direct the Bank to submit a proposed judgment order on the foreclosure claim.

E.   Other Claims

In its third, fourth, and fifth causes of action, the Bank asserts claims for, respectively, replevin, conversion, and unjust enrichment. *See* Complaint ¶¶ 34-49. Applicable law plainly makes such claims unavailable as duplicative where, as here, they are alternative remedies to enforce contractual rights. *See, e.g., Cont'l Cas. Co. v. Contest Promotions NY, LLC*, 2016 WL 1255726, at *4 (E.D.N.Y. Mar. 28, 2016) (citing *Eastman Kodak Co. v. Berkshire-Westwood Graphics Grp., Inc.*, 2010 WL 2710975, at *2 (W.D.N.Y. July 6, 2010)); *McGee v. Allstate Ins. Co.*, 2011 WL 3497527, at *5 n.3 (E.D.N.Y. Aug. 3, 2011) (Vitaliano, J.) (unjust enrichment). I therefore respectfully recommend that the court deny the Bank summary judgment on these claims and instead dismiss them.

III.   Recommendation

For the reasons set forth above, I respectfully recommend that the court grant the motion for summary judgment as to the Complaint's breach of contract and foreclosure claims (the first, second, sixth, and seventh causes of action); deny the motion as to the remaining claims for replevin, conversion, and unjust enrichment; and dismiss the latter claims as duplicative.

IV.   Objections

Any objections to this Report and Recommendation are due by March 12, 2020. Failure to file objections within this period designating the particular issues to be reviewed waives the right to

appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C*, 596 F.3d 84, 92 (2d Cir. 2010).

    SO ORDERED.

Dated: Brooklyn, New York
       February 27, 2020

                                                              /s/
                                              James Orenstein
                                              U.S. Magistrate Judge