UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
BANK OF AMERICA, N.A.,                           :
                                                 :
                                    Plaintiff,   :
                                                 :         MEMORANDUM & ORDER
                       -against-                 :
                                                 :         19-cv-110 (ENV) (JO)
DEXTER SALES INC., et al,                        :
                                                 :
                                    Defendants.  :
------------------------------------------------------------- x

VITALIANO, D.J.

        Plaintiff Bank of America, N.A., (the "bank") seeks summary judgment as to its claims

against defendants Dexter Sales, Inc. ("DSI"), Beth Garbow and Alan M. Samdperil to enforce

its contractual rights under the parties' several agreements.  The Court referred the motion to

Magistrate Judge James Orenstein for a Report and Recommendation, which he issued on

February 27, 2020, and in which he recommended:  (1) granting summary judgment as to the

bank's breach of contract and foreclosure claims (the first, second, sixth, and seventh causes of

action); (2) denying the bank's motion as to its remaining claims for replevin, conversion, and

unjust enrichment; and (3) dismissing the latter claims as duplicative.  *See* Dkt. 22 ("R&R").

        Defendants filed a timely objection to the R&R, arguing Magistrate Judge Orenstein

erroneously found evidence supplied by the bank to be admissible.  *See* Defs.' Obj., Dkt. 23.

The bank filed no objection to Magistrate Judge Orenstein's R&R.  After careful and *de novo*

consideration of the R&R and the defendants' objection, the Court adopts the R&R in its entirety

as the opinion of the Court.

Background[1]

On April 26, 2016, the bank and DSI executed a loan agreement, whereby the bank extended DSI a line of credit, up to $550,000, in exchange for a first priority blanket security interest in all of DSI's assets, pursuant to a security agreement.  R&R, at 2.  The line of credit was also personally guaranteed by Garbow and Samdperil, pursuant to separate guaranty agreements.  *Id.*  According to the loan agreement, DSI was to repay all principal, interest, and other charges, on July 20, 2018.  *Id.*  The loan agreement also provided that, in the event of a default by either DSI or a guarantor, the bank was entitled to terminate the agreement, declare all outstanding sums immediately due and payable, and charge interest at the default annual rate of six percent above the then-current rate.  *Id.*

On June 11, 2018, the bank notified defendants of the pending maturity date.  *Id.* Nevertheless, defendants failed to make the required payments.  *Id.*  The bank sent multiple notices and demands for payment or delivery of the collateral assets in the following months, but defendants failed to pay the bank the amount owed or, alternatively, to deliver the collateral assets.  *Id.* at 3.

Interposing seven causes of action essentially seeking the same relief, the bank filed its complaint against defendants on January 7, 2019.  *See* Dkts. 1, 20-2.  The bank later moved for summary judgment as to all of its claims.  Dkt. 20.  That motion was referred to Magistrate Judge Orenstein, *see* Aug. 12, 2019 Order, who issued the R&R, to which defendants presently

---

[1] Overall, the record is barren of any evidence offered by defendants that would contravene the material facts asserted in the bank's Rule 56.1 Statement.  In the absence of any countervailing facts supplied by defendants, the Court deems admitted the assertions in the bank's Rule 56.1 Statement.  Consequently, the Court adopts the factual findings in the R&R, *see* R&R, at 1–2, and only those facts relevant to defendants' objection are included in this Memorandum & Order.

object, recommending that the Court grant summary judgment as to the bank's breach of contract and foreclosure claims, and dismiss the remaining claims as duplicative.  *See* R&R, at 1.

Legal Standard

Summary judgment shall be granted in the absence of a genuine dispute as to any material fact and upon the movant's showing that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  "[A] fact is material if it 'might affect the outcome of the suit under the governing law.'"  *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene of the City of New York*, 746 F.3d 538, 544 (2d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The movant carries the burden of demonstrating there is no genuine dispute as to any material fact, *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005), and the motion court will resolve all ambiguities and draw all permissible factual inferences in the light most favorable to the party opposing the motion.  *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).  Where the nonmoving party "will bear the burden of proof at trial," it bears the initial procedural burden at summary judgment of demonstrating that undisputed facts "establish the existence of [each] element essential to that party's case."  *Celotex Corp.*, 477 U.S. at 322–23.  "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper."  *Hetchkop v. Woodlawn at Grassmere, Inc.*, 116 F.3d 28, 33 (2d Cir. 1997).  The absence of genuine factual dispute may be shown by "citing to particular parts of materials in the record, including . . . affidavits or declarations," Fed. R. Civ. P. 56(c)(1)(A), which "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or

3

declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

In this case, of course, there is an important filter in the process. The bank's motion for summary judgment is evaluated in the context of a report and recommendation issued by a magistrate judge, and the magistrate judge's consideration of the issue upon full briefing by the parties. In that context, a district judge, upon review of a magistrate judge's report and recommendation, "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). In the absence of a timely objection, made in writing, the district judge need only be satisfied "that there is no clear error on the face of the record" to accept the reviewed report and recommendation. *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). Critically, objections that are general, conclusory, or "merely recite the same arguments presented to the magistrate judge" do not constitute proper objections and are reviewed only for clear error. *Sanders v. City of New York*, No. 12-cv-113 (PKC) (LB), 2015 WL 1469506, at *1 (E.D.N.Y. Mar. 30, 2015) (citation omitted). Clear error exists "where, upon a review of the entire record, [the district judge] is left with the definite and firm conviction that a mistake has been committed." *Saveria JFK, Inc. v. Flughafen Wien*, AG, No. 15-cv-6195 (RRM) (RLM), 2017 WL 1194656, at *2 (E.D.N.Y. Mar. 30, 2017).

Discussion

As the bank recognizes, it bears the initial burden of demonstrating the existence and enforceability of its contractual rights against defendants. Pl.'s Reply, Dkt. 20-9, at 2–3; *Bank of*

4

*America. Nat. Ass'n v. Kamico, Inc.*, No. 11-cv-5255, 2012 WL 1449185, at \*2 (citing *Celotex*

*Corp.*, 477 U.S. at 322).  The burden shifts to defendants only if the bank carries its burden.

*Celotex Corp.*, 477 U.S. at 322–24.

As is clear from defendants' opposition papers and objection, they seek to stave off an

adverse judgment, not by supplying evidence of their own, but by attacking the admissibility of

the bank's evidence.  Specifically, they argue precisely as they did before Magistrate Judge

Orenstein, that the affidavit of Abigail M. Bees, Vice President and Portfolio Officer with the

bank, upon which the bank relies to establish the existence and enforceability of its several

agreements with defendants, is inadmissible on the grounds that Bees only became personally

involved in and familiar with the subject transaction in 2018, and, consequently, that Bees lacks

personal knowledge of the terms of the agreements, all negotiated in 2016.  Defs.' Obj., at 3.

They also contend that the documents relied upon by Bees in her affidavit were not properly

authenticated as business records, and are, therefore, inadmissible hearsay evidence.  *Id.* at 3–5.

The congruency of the argument here with the argument before Magistrate Judge Orenstein in

the first instance would ordinarily have enormous significance on the evaluation.  Because their

evidentiary attack is identical to that rejected by Magistrate Judge Orenstein, it is subject to clear

error review.  *Compare* Dkt. 20-7, at 5–7, *and* R&R, at 1–2, 5–6, *with* Defs.' Obj., at 2–5.

Practically speaking, however, the evaluation of the objection interposed by defendants

requires more than simple facial review of Magistrate Judge Orenstein's R&R.  A more

substantive review clearly reveals the chink in the armor of defendants' objection, which did not

go unnoticed by Magistrate Judge Orenstein.  Defendants' reliance on the hornbook maxim that

affidavits sworn upon information and belief cannot support an award of summary judgment, *see*

*Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004), misconstrues the nature of

the factual declarations set forth in the affidavit proffered by the bank.  Though the language of it

is somewhat clumsy, Bees's affidavit cites support for her assertions from two bundles of

information.  The first bundle is her personal knowledge of the transactions out of which the

bank's claims arise.  There can be no question whatsoever that such knowledge fits squarely

within the confines of proof that can be considered by a summary judgment court and can

support the award of judgment.  *See id*.  The second bundle of facts identified in the affidavit is

grounded in the bugaboo words "on information and belief."  But, there is a clarifying maxim

that is applicable here.  A business executive may attest to factual matter known personally to

her and formed by her review of the books and records of her business.  *See, e.g.*, *Arneauld v.*

*Pentair, Inc.*, No. 11-cv-3891 (SJF) (ETB), 2012 WL 5932956, at *14 (E.D.N.Y. Nov. 26,

2012); *Kamico, Inc.*, 2012 WL 1449185, at *5–6; *Merrill Lynch Business Fin. Servs. Inc. v.*

*Heritage Packaging Corp.*, No. 06-cv-3951, 2007 WL 2815741, at * 4 (E.D.N.Y. Sept. 25,

2007).

It is understandable that defendants home in on Bees's statement that she has "personal

knowledge of the facts set forth herein, *except for matters stated on information and belief*."

Bees Aff. ¶ 1 (emphasis added).  Peering through the clumsiness of the words recited in the

affidavit, however, Bees saves the day by her recitation in her affidavit of the nature of her

information and belief—that is, specifically, she swears that, "as to those matters, [she]

believe[s] the information to be true and correct based upon a review of the business records

maintained by [the bank]."  Bees Aff. ¶ 1; *see* R&R, at 5.  Although a finder of fact may afford a

self-serving affidavit less weight in the absence of other supporting evidence, such weighing is

inappropriate at this stage.  *See Danzer v. Norden Sys.*, Inc., 151 F.3d 50, 57 (2d Cir. 1998) ("To

hold . . . that the nonmovant's allegations of fact are (because 'self-serving') insufficient to fend

off summary judgment would be to thrust the courts—at an inappropriate stage—into an adjudication of the merits.").

Obviously, the bank could have attached the specific records that Bees reviewed that comprised the information upon which her knowledge was based. Had the bank done so, it would have had to touch all of the bases required by Rule 803 of the Federal Rules of Evidence necessary to meet the test for the introduction of such documentary evidence. But, the bank did not do so, and, most critically, it was not required to do so. Simply put, the affiant is under no obligation to establish, in her affidavit, the specific basis or source of information upon which her knowledge rests to establish the admissibility of the affidavit itself. *See Kamico Inc.*, 2012 WL 1449185, at *5–6. Whether the affiant could have buttressed her affidavit with the proffer of such additional admissible evidence bolstering its credibility is simply immaterial. What is material, and dispositive, is that Bees sets forth admissible factual matter sufficient to warrant the bank's recovery against defendants, to which defendants have offered absolutely no factual matter to controvert those assertions. As a result, in the absence of a proffer of any material evidence regarding the contractual rights of the parties to the contrary, plaintiff is entitled to judgment on its breach of contract and foreclosure actions.

There is no error, clear or otherwise, in Magistrate Judge Orenstein's R&R recommending the award of summary judgment to the bank.

## Conclusion

For the foregoing reasons, the Court finds Magistrate Judge Orenstein's R&R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts it in its entirety as the opinion of the Court. The bank's motion for summary judgment is granted as to its breach of contract and foreclosure claims (counts one, two, six and seven), and denied as to its remaining claims, which are dismissed as duplicative.

The parties are directed to proceed before Magistrate Judge Orenstein for an inquest as to damages on the bank's breach of contract claims, and for the submission of pleadings necessary to effect foreclosure.

So Ordered.

Dated: Brooklyn, New York
       June 30, 2020

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge

8